UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STAVROS DEMIRIS,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK MELLON,<br>BAYVIEW LOAN SERVICING LLC and<br>BANK OF AMERICA<br><br>Defendants. | Civil Action No.:<br><br>*CIVIL ACTION*<br><br>**COMPLAINT** |

Plaintiff, by his attorney, FRIEDRICH & FRIEDRICH, LLC., complaining of the Defendants herein, respectfully alleges upon information and belief:

## THE PARTIES

1. Plaintiff Stavros is an individual residing at 2451 1st Street, Fort Lee, NJ 07024.

2. Defendant Bank of New York Mellon ("BNY") is a corporation headquartered at 1 Wall Street, New York, NY 10286, and is registered to do business within the state of New Jersey.

3. Defendant Bayview Loan Servicing LLC ("Bayview") is a limited liability company having a main office at 62516 Collection Center Drive, Chicago, IL 60693, and is registered to do business within the state of New Jersey.

4. Defendant Bank of America ("BOA") is a corporation headquartered at Bank of America Corporate Center, 100 North Tryon Street, Charlotte, NC 28255, and is registered to do business in within the state of New Jersey.

## JURISDICTION

5. The Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 1692-1692p, the "Fair Debt Collection Practices Act."

6. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. 1332, due to the fact that the claim is for an amount exceeding $75,000 and all parties are diverse from one another.

## THE FACTS

7. In December of 2006, Stavros Demiris purchased a condominium unit at 7414 Coventry, Riverdale, New Jersey, which is known as the Grande at Riverdale.

8. This property was purchased with mortgage in which BNY is the trustee, BOA is the master servicer and Bayview is the sub-servicer.

9. The debt associated with the above referenced mortgage was discharged in bankruptcy in 2009.

10. Defendants were aware of this discharge as they made an appearance in the bankruptcy proceeding and have acknowledged that the debt was discharged.

11. After Plaintiff obtained a bankruptcy discharge, defendants continued to attempt to collect the amount previously due, but not presently owed pursuant to the discharge, by continuing to send demand letters for years following the discharge.

12. Defendant Bayview, individually or on behalf of BNY and/or BOA has submitted false and misleading credit information to credit reporting agencies on numerous occasions.

13. Plaintiff has communicated in writing with defendants on several occasions inquiring as to why they are seeking to collect a debt which they are aware has been discharged in bankruptcy.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

14. Plaintiff repeats, realleges and incorporates by reference the allegations of paragraphs 1-14 as if same were fully set forth herein.

15. Defendant has attempted to collect the payment of a discharged debt from Plaintiff that was not permitted by law, in violation of 15 USC 1692, et al.

16. Defendants failed to cease to attempt collection of the discharged debt and did not obtain proper verification of the status and character of the alleged debt in violation of 15 USC 1692g(b).

17. Defendants have violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff by continuing to pursue collection of a discharged debt, reporting a disputed debt to debt collection agencies, forcing Plaintiff to enforce their rights against Defendant's unlawful course of action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

18. Upon information and belief, Defendant has communicated credit information to persons regarding a discharged debt, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false.

19. Upon information and belief, defendants have, in violation of 15 U.S.C. §1692e(8), failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff disputes the allegations that the mortgages are in default.

20. By failing to communicate that the alleged debt is disputed, Defendant has made material, false and misleading representations regarding credit information which is known or which should be known to be false, in violation of 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), 15 U.S.C.§1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f.

21. By reporting the alleged debt with misleading information regarding the nature and/or status of said alleged debt, Defendant knew or should have known would that their actions would mislead, in violation of 15 U.S.C. §1692e(2)(A), 1692e(8), 1692e(10) and 1692k(a)(3).

22. Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Defendant to be determined at trial. Defendants are liable to Plaintiff for actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to § 1692k(a)(3).

**WHEREFORE** Plaintiff prays for judgment against Defendant as follows:

A. For actual damages, including general damages and special damages in an amount to be proven at trial, pursuant to 15 USC 1692k(a)(2)(a);

B. For statutory damages as prescribed by 15 USC § 1692k(a)(2)(A);

C. For costs and reasonable attorney's fees pursuant to 15 USC 1692k(a)(3);

D. For a judicial declaration pursuant to Code of Civ. Procedure 1060 that cross defendants actions violated the FDCPA;

E. For a Permanent injunction against the Defendants from reporting derogatory information about Plaintiff to Consumer Reporting Agencies

F. For a Permanent injunction against Defendant for selling this alleged debt to any other party

G. And for such other and further relief as the Court may deem just, equitable and proper.

## SECOND CLAIM FOR RELIEF
## FAIR CREDIT REPORTING ACT (FCRA)

23. Plaintiff repeats, realleges and incorporates by reference the allegations of paragraphs 1-22 as if same were fully set forth herein.

24. The defendants have reported derogatory information about Plaintiff to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

25. Plaintiff has disputed the accuracy of the derogatory information reported by the Defendant to the Consumer Reporting Agency Experian, among potential others, by letter on several occasions.

26. Upon information and belief, defendants have not provided notice of this disputed matter to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice.

27. Upon information and belief, defendants have failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day period as required by 15 U.S.C. § 1681s-2.

28. Defendants have not notified Plaintiff of any determination that Plaintiff's dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

29. Plaintiff has suffered damages as a result of the misreporting of Plaintiff's credit information.

**WHEREFORE** Plaintiff prays for judgment against Defendant and demands, as follows:

A. For $1,000 in actual damages pursuant to 15 U.S.C. § 1681n;

B. For such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n;

C. For a Permanent injunction against the Defendant from reporting derogatory information about Plaintiff to Consumer Reporting Agencies (credit bureaus)

D. For a Permanent injunction against Defendant for selling this alleged debt to any other party;

E. For the costs of the action and attorney's fees pursuant to 15 U.S.C. § 1681n.

F. For any further relief which the court may deem appropriate.

## THIRD CLAIM FOR RELIEF
## LIBEL/DEFAMATION

30. Plaintiff repeats, realleges and incorporates by reference the allegations of paragraphs 1-29 as if same were fully set forth herein.

31. Defendants reported a discharged debt of Plaintiffs to credit reporting agencies, including but not limited to, Experian.

32. Upon information and belief, the written communication referring to Plaintiff by name was made of and concerning Plaintiff, and was so understood by those who would read the written communication.

33. Upon information and belief, the written statement that Plaintiff was in default of its obligation to defendants is defamatory as the debt is and has been discharged in bankruptcy.

34. The aforementioned written statement by defendants was defamatory on its face, and clearly exposes Plaintiff to shame, ridicule and distrust by those who believe him to be defaulting on her financial obligations.

35. As a proximate result of the above-described publication, Plaintiff has suffered damage to his ability to obtain financing, loss of reputation, shame, mortification and injury to his feelings, all to his damage in a total amount to be proved at trial.

**WHEREFORE** Plaintiff prays for judgment against Defendant and demands, as follows:

A. For compensatory damages in an amount to be proven at trial;

B. For punitive damages

C. For cost of suit and attorney's fees;

D. For such other relief as the Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENCE

36. Plaintiff repeats, realleges and incorporates by reference the allegations of paragraphs 1-35 as if same were fully set forth herein.

37. As a sophisticated financial entity, Defendant owed Plaintiff a duty of care not to report adverse credit information without verifying it's authenticity.

38. Defendants breached their duty of care to Plaintiff by reporting false credit information to credit reporting agencies.

39. As a result of the breach by defendants, Plaintiff has suffered actual harm, including a decrease in his ability to obtain financing, loss of reputation, shame, mortification and injury to his feelings, all to his damage in a total amount to be proved at trial

**WHEREFORE** Plaintiff prays for judgment against Defendant and demands, as follows:

A. For compensatory damages in an amount to be proven at trial;

B. For punitive damages

C. For cost of suit and attorney's fees;

D. For such other relief as the Court may deem just and proper.

### JURY DEMAND

40. Pursuant to Rule 38 of the federal Rules of Civil Procedure, the Commission demands a trial by jury in this action of all issues triable.


Ridgewood, New Jersey
Dated: April 10, 2015

By: _____
Jay Joseph Friedrich, Esq., JF 7759
**FRIEDRICH & FRIEDRICH, LLC.**
NJ Attorney ID: 268461971
*Attorneys for Plaintiff*
203 Godwin Avenue
Ridgewood, New Jersey 07450
(201) 670-9600 – T
(201) 670-9650 – F